### Application of POMPANO BEACH TRANSIT CO.
### No. 4770-CCB.

Railroad & Public Utilities Commission.

January 16, 1957.

Ted Cabot, Cabot & Cabot, Fort Lauderdale, for applicant.

Thomas O. Berryhill, Berryhill, Leaird & Tedder, Fort Lauderdale, for Fort Lauderdale Transit Lines, Inc., protestant.

Robert B. Cochran, Pompano Beach, for City of Pompano Beach, protestant.

Chairman WILBUR C. KING, commissioners JERRY W. CARTER and ALAN S. BOYD, participated in the disposition of this case.

BY THE COMMISSION.

On June 28, 1956 the commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on this application at the Palm Beach County Court House Annex in West Palm Beach. After the hearing the examiner filed his report and recommendations in the form of a proposed order in which he recommended the granting of the application.

On July 27, 1956 the commission's executive secretary transmitted a copy of the examiner's proposed order to all parties of record and allowed 15 days in which to file exceptions.

On August 9, 1956, protestant, the city of Pompano Beach, filed exceptions to the examiner's proposed order. On August 10, 1956, protestant, Fort Lauderdale Transit Lines, Inc., filed its exceptions.

After careful consideration of the entire record in this matter, the proposed order of the examiner, and the exceptions filed thereto, the commission now enters its order in the premises.

This application is for transportation in common carriage of passengers from the Negro section west of the city of Pompano Beach and known as Collier City, to a terminal in the downtown section of Pompano Beach and thence to the federal highway and on to state road A1A at the Beach and return. It is anticipated that practically all of the passengers will be Negroes. The Pompano Beach Transit Co. is a new company created for the purpose of providing the above transportation and the company proposes to begin operation with only two eight-passenger Volkswagens, which they will purchase if this application is granted, operating two round trips per hour during peak hours and one during off hours. Several public witnesses, for the most part residents of the Negro section west of the town to be served, testified in support of this application. It appeared that most of the domestic servants for residents of the city of Pompano Beach live in the area to be served west of town and that most of the residents of this area do not own automobiles.

The examiner states in his proposed order that no evidence was offered in opposition to the application; however, the record reveals that the examiner did not recognize the city of Pompano Beach and Fort Lauderdale Transit Lines, Inc. as proper protestants to the application. The commission, however, does recognize said parties as proper protestants.

The commission considers that a city should be allowed to express its views relative to a carrier who will operate through the city. The city of Pompano Beach appeared in opposition to the application and filed exceptions to the proposed order of the examiner. The city states it has not granted a franchise to the applicant to pick up and discharge passengers within its corporate limits and that the proposed route of the applicant is wholly insufficient to serve the needs of the majority of the residents of the city and those persons living in contiguous areas.

Fort Lauderdale Transit Lines, Inc. holds certificate of public convenience and necessity #304 authorizing the transportation as a common carrier of passengers in an area adjacent to the area sought to be served by applicant. The commission's records reveal that at the time of the public hearing in this docket, Fort Lauderdale Transit Lines, Inc. had applied to this commission for an extension of its certificate of public convenience and necessity so as to serve the same area as proposed to be served by the applicant in this cause. In addition, the application of Fort Lauderdale Transit Lines, Inc. provides for service of the area within the corporate limits of the city of Pompano Beach and would permit persons to travel all the way from Collier City to Fort Lauderdale on the same bus line, either by through bus or by means of transfer tickets. The commission considers where two or more parties have filed with the commission applications seeking to provide the same service in the same area, then each applicant may appear in opposition to the opposing application and may be properly classified as a protestant.

A public hearing was held in docket #4833-CCB on the application of Fort Lauderdale Transit Lines, Inc. for an extension of its certificate of public convenience and necessity, and it is to be noted no protestants appeared in opposition to the application and no exceptions were filed to the examiner's proposed order recommending the granting of the application. Subsequently the commission gave careful consideration to the application of Pompano Beach Transit Co. in conjunction with the application of Fort Lauderdale Transit Lines, Inc. and granted the application of Fort Lauderdale Transit Lines, Inc. Public convenience and necessity do not require the granting of the application in this docket in addition to the

aforesaid application of Fort Lauderdale Transit Lines, Inc. to perform the same service.

After due consideration of the entire record in this cause, the testimony and evidence adduced, the proposed order of the examiner and the exceptions filed thereto, the commission finds that public convenience and necessity do not require the granting of this application. The application is therefore denied.